UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNST DICKERSON

          Petitioner,

   v.

CAROL PORTER,

          Respondent.

Case No.  C05-5793RJB

REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTIONS FOR PROTECTIVE ORDERS

**NOTED FOR:**
**July 28th, 2006**

    This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.  Before the court are two motions for protective orders filed by petitioner.  (Dkt. # 90 and 91).  Petitioner seeks transfer back to the Washington Correction Center, a single cell, priority access to the law library, and a ruling on how much legal material he can keep in his cell.  (Dkt. # 90 and 91).

    Respondent earlier filed a motion to dismiss the petition as time barred on April 12th, 2006.  (Dkt. # 49).  Plaintiff filed no meaningful response.  Instead, he filed a large number of untimely, improper, and unserved motions.  Those motions were summarily denied and the court entered a Report and Recommendation that this petition be dismissed as time barred.  (Dkt. # 85).  These two motions for "protective orders" followed.

REPORT AND RECOMMENDATION
Page - 1

1    Petitioner challenges his transfer from the Washington Corrections Center to Airway Heights
2 Correction Center, his cell assignment, (he requests a single cell), his access to the law library and the
3 policies regarding what or how much legal material he may keep in his cell.  Petitioner asks for
4 transfer back to the Washington Correction Center.  (Dkt. # 90 and 91).  Petitioner alleges that his
5 Civil Rights actions are being adversely impacted by his transfer and the regulations and conditions
6 to which he is subjected.  (Dkt. # 90 and 91).

7    The requested relief has no bearing on his habeas petition and a Report and Recommendation
8 to dismiss is pending.  The court had repeatedly warned petitioner that the motion to dismiss was
9 pending and that the only issue before the court at this time was whether his petition is time barred.
10 Having reviewed the file the court recommends the motions for protective orders be **DENIED.**

## FACTS

In his petition, petitioner challenges a Clallam County Superior Court conviction.  He was originally sentenced on March 23rd, 1992 to an exceptional sentence of 320 months for one count of attempted first degree murder.  (Dkt. # 49, Exhibit 1).  A subsequent Washington State Court of Appeals decision affirmed the conviction but remanded the case for re-sentencing.  Petitioner was re-sentenced April 8th, 1996.  (Dkt. # 49, Exhibit 2).  The trial court again imposed a 320 month sentence.  The findings of fact supporting the exceptional sentence were filed October 7th, 1996.  (Dkt. # 49, Exhibit 3).

## STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a determination of the action on the merits.  <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).  "Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.... Under the alternative standard, the moving party may meet its

REPORT AND RECOMMENDATION
Page - 2

burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. (citations omitted). In order to obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

The relief sought in this petition has no bearing on the habeas case and the court does not have any named defendant or respondent before it against whom relief at multiple facilities could be granted. Further, petitioner has not shown injury in this case. In this case petitioner was told repeatedly that a motion to dismiss his action as time barred was pending and he did not address that issue. A habeas corpus action is not a platform from which a petitioner may launch litigation or make requests for relief unrelated to his claims. The motion should be **DENIED.**

CONCLUSION

The motions for protective orders deal with issues unrelated to this petition. Petitioner fails to show any injury to this case, his motions should be **DENIED.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 28th, 2006**, as noted in the caption.

Dated this 10th, day of July, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3