1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

          Petitioner,

      v.

CAROL PORTER,

          Respondent.

Case No. C05-5793RJB

ORDER

      This matter comes before the Court upon Petitioner's Motion to Dismiss 1992 Conviction (Dkt. 100), Petitioner's Motion of Intent to file Writ Amicus Curiae (Dkt. 102), Petitioner's Motion to Seeking Indictments (Dkt. 103), Petitioner's Motion for Issuance of Subpoena (Dkt. 105), Petitioner's Motion to Continue (Dkt. 106), Petitioner's Motion to File Writ of De Exemplificatione (Dkt. 108), Petitioner's Motion for Expert Testimony (Dkt. 109), Petitioner's Motion to File Abuse of Process Tort (Dkt. 112), Petitioner's Motion for a Hearing (Dkt. 113), Petitioner's Motion to Amend (Dkt. 114), and Petitioner's Motion for a Certificate of Appealability (Dkt. 118).  The Court has reviewed the pleadings filed in support of and in opposition to these motions and the remaining record.

/

//

ORDER - 1

I.     **VARIOUS MOTIONS DOCKETED AFTER ADOPTION OF REPORT AND RECOMMENDATION**

On June 1, 2006, U.S. Magistrate Judge J. Kelley Arnold recommended dismissal of the petition with prejudice as time barred pursuant to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") Section 2244(d)(1).  Dkt. 85-1.  Review of the relevant record and the Report and Recommendation reveals that this petition is time barred and that no exceptions apply.  Accordingly, the Report and Recommendation was adopted on July 31, 2006.  Dkt. 99.

On August 4, 2006, the Clerk of the Court docketed Petitioner's Motion to Dismiss 1992 Conviction, filed by Petitioner on July 26, 2006.  Dkt. 100.  On July 31, 2006, the same day the Report and Recommendation was adopted, Petitioner filed, by mail, the following motions: Petitioner's Motion of Intent to file Writ Amicus Curiae (Dkt. 102), Petitioner's Motion to Seeking Indictments (Dkt. 103), Petitioner's Motion for Issuance of Subpoena (Dkt. 105), Petitioner's Motion to Continue (Dkt. 106), Petitioner's Motion to File Writ of De Exemplificatione (Dkt. 108), and Petitioner's Motion for Expert Testimony (Dkt.109).  These motions were entered into the record after the Order Adopting Report and Recommendation.  *Id.*

Each of these motions should be stricken as moot.  Petitioner's Motion to Dismiss 1992 Conviction (Dkt. 100), Motion to Seek Indictments (Dkt. 103), Motion for Issuance of Subpoena (Dkt. 105), Petitioner's Motion for a Continuance (Dkt. 106), Motion to File Writ of De Exemplificatione (Dkt. 108), and Motion for Expert Testimony (Dkt. 109) address matters in the petition, which has been found by this Court to be time barred.  Petitioner's Motion of Intent to File a Writ of Amicae Curie (Dkt. 102) is unrelated to the petition filed in this Court, and should be stricken as moot.

On August 4, 2006, Petitioner filed a Motion to File Abuse of Process Tort (Dkt. 112), a Motion for a Hearing (Dkt. 113), and a Motion to Amend (Dkt. 114).  These motions should similarly be stricken as moot because they are largely unrelated to the petition that was before this Court.  To the extent that they are related, they should be stricken as moot because the petition is time barred.

/

ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.    CERTIFICATE OF APPEALABILITY**

      **A.    STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY**

      The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(C), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack* at 1604.

      **B.    CERTIFICATE OF APPEALABILITY**

      This petition was dismissed on procedural grounds. Dkt. 99. There is nothing in the record that would support a conclusion that a jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurist of reason would find it debatable whether this court was correct in its procedural ruling. *Slack* at 1604. Petitioner's Motion for a Certificate of Appealability should be denied.

**III.    FUTURE MOTIONS**

      The Court notes that Petitioner has been cautioned regarding the filing of frivolous motions. *See* Dkts. 85 and 94. When this Court adopted the June 1, 2006 Report and Recommendation urging dismissal of the petition as time barred, it also had before it a July 10, 2006 Report and Recommendation regarding two motions for protective orders filed with the Clerk of the Court the day before the June 1, 2006 Report and Recommendation was entered, but not entered into the record until after the June 1, 2006 Report and Recommendation was filed. Dkts. 85 and 94. The July 10, 2006 Report and Recommendation properly noted that these motions deal with issues unrelated to the petition currently before the Court. Dkt. 94. The July 10, 2006 Report and

1   Recommendation was adopted.  Dkt. 99.  Moreover, on July 24, 2006, Petitioner filed a Motion to

2   Seeking Indictments (Dkt. 95), a Motion of Intent to File Writ Amicus Curiae (Dkt. 97), and a

3   Motion to Subpoena (Dkt. 98).  These motions were stricken as moot in light of the dismissal of the

4   petition.  Dkt. 99.  Petitioner has continued his pattern.  Accordingly, further motions by Petitioner

5   in this case shall be docketed, but no action will be taken upon them.

6       **IV.    <u>ORDER</u>**

7       Therefore, it is hereby **ORDERED**:

8       •       Petitioner's Motion to Dismiss 1992 Conviction (Dkt. 100), Petitioner's Motion of

9               Intent to file Writ Amicus Curiae (Dkt. 102), Petitioner's Motion to Seeking

10              Indictments (Dkt. 103), Petitioner's Motion for Issuance of Subpoena (Dkt. 105),

11              Petitioner's Motion to Continue (Dkt. 106), Petitioner's Motion to File Writ of De

12              Exemplificatione (Dkt. 108), Petitioner's Motion for Expert Testimony (Dkt. 109),

13              Petitioner's Motion to File Abuse of Process Tort (Dkt. 112), Petitioner's Motion for

14              a Hearing (Dkt. 113), and Petitioner's Motion to Amend (Dkt. 114) are **STRICKEN**

15              **AS MOOT**.

16      •       Petitioner's Motion for a Certificate of Appealability (Dkt. 118) is **DENIED**.

17      •       Any further motions by Petitioner will be docketed in this case, but no further action

18              will be taken on them.

19  •   The clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and

20      to the Hon. J. Kelley Arnold.

21      DATED this 17th day of August, 2006.

22

23                              Robert J. Bryan
                                United States District Judge
24

25

26

27

28

ORDER - 4