UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>    Petitioner,<br><br>    v.<br><br>CAROL PORTER, SUPERINTENDENT, W.C.C.,<br><br>    Respondent. | Case No. C05-5793RJB<br><br>ORDER DECLINING TO RECUSE VOLUNTARILY AND REFERRING MOTION TO CHIEF JUDGE |

This matter comes before the Court on Petitioner's Motion to Recuse. Dkt. 123. The Court has reviewed the relevant documents and the remainder of the file.

**I.  FACTS**

On June 1, 2006, U.S. Magistrate Judge J. Kelley Arnold recommended dismissal of the petition with prejudice as time barred pursuant to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") Section 2244(d)(1). Dkt. 85-1. The Report and Recommendation was adopted on July 31, 2006. Dkt. 99. After this Court adopted the Report and Recommendation and dismissed the petition, Petitioner made several new motions, each of which were stricken as moot. Dkt. 120. Petitioner was warned that any further motions would be docketed in this case, but no action would be taken on them. *Id.*

Petitioner now moves for this Court to recuse itself arguing that his conviction constituted a fraud against the court and this Court's dismissal of his petition "shows a bias." Dkt. 123. Considering the nature of this motion, and even though the motion is probably moot since this is a closed case, the Court will rule on the motion to recuse, though no action will be taken on any other pending motions.

ORDER
Page - 1

## II. DISCUSSION

Local Rule GR 8(c) provides as follows:

Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this court is filed pursuant to 28 U.S.C. § 144, the clerk shall refer it to the chief judge. If the motion is directed at the chief judge, the clerk shall refer it to the next senior active judge. Before a ruling is made on a motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily.

### A. Decision whether to recuse voluntarily

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The judge shall also disqualify himself in circumstances where the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(a)-(b)(1).

Petitioner has not made a sufficient showing of personal bias or prejudice concerning a party to this case, nor has he shown that the undersigned judge has personal knowledge of disputed evidentiary facts concerning this proceeding. Adverse rulings by a judge are not sufficient to justify disqualification. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir.1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion.").

This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court. The Court has no bias or prejudice in this case that would support a recusal or disqualification. The Court should decline to recuse voluntarily.

### B. Referral to Chief Judge

Petitioner's request is a motion to recuse due to alleged bias or prejudice, and the motion should be referred to the chief judge for decision, pursuant to Local Rule GR 8(c).

## III. ORDER

Accordingly, it is hereby **ORDERED** that the undersigned judge **DECLINES** to recuse voluntarily. Petitioner's Motion to Recuse (Dkt. 123) is **REFERRED** to Chief Judge Robert S. Lasnik for decision.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to place Petitioner's Motion to Recuse (Dkt. 123) on Judge Lasnik's motion calendar.

DATED this 28th day of August, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge