1
2
3
4
5

6    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
7                AT SEATTLE

8    _____
                                    )
9    JAMES EARNEST DICKERSON,       )    No. C05-5793RJB
                                    )
10                      Petitioner, )
                  v.                )    ORDER DENYING PETITIONER'S
11                                  )    REQUEST TO REMOVE JUDGE BRYAN
     CAROL PORTER,                  )
12   SUPERINTENDENT, W.C.C.,        )
                                    )
13                      Respondent. )
     _____)
14

15         This matter comes before the Court under Local General Rule 8(c). Petitioner James

16   Earnest Dickerson filed a pro se "Motion to Recuse" (Dkt. #123) and supporting Memorandum

17   (Dkt. #124). The Honorable Robert J. Bryan, United States District Judge, declined to recuse

18   himself voluntarily and the matter was referred to the Chief Judge for review (Dkt. #127).

19   Petitioner's motion is therefore ripe for review by this Court.

20         Section 455 of title 28 of the United States Code governs the disqualification of a district

21   judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States

22   shall disqualify himself in any proceeding in which his impartiality might reasonably be

23   questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

24           Whenever a party to any proceeding in a district court makes and files a timely and
             sufficient affidavit that the judge before whom the matter is pending has a personal
25           bias or prejudice either against him or in favor of any adverse party, such judge
             shall proceed no further therein, but another judge shall be assigned to hear such
26

ORDER

> proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Petitioner argues that Judge Bryan's decisions dismissing his petition and refusing petitioner's protective order "shows bias" and that petitioner's conviction constituted a fraud against the court. See Dkt. #123. Petitioner does not identify any extrajudicial source of the alleged prejudice: the only suggestion of bias is the judge's earlier decisions. In such circumstances, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte Am. Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, petitioner has not met the burden of showing an appearance of bias.

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER                                       -2-

Having reviewed petitioner's motion and the remainder of the record, the Court finds that Judge Bryan's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, petitioner's request to remove Judge Bryan from this matter is DENIED.

DATED this 13th day of September, 2006.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge